**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

UNITED STATES OF AMERICA

v.

LEO EDWIN HANEY

Case Number: 1:23-CR-15/AW

## ORDER OF DETENTION

The Defendant appeared before this Court for a detention hearing on Thursday, June 27, 2024, pending a hearing to revoke Defendant's supervised release. The Government moved for detention under Federal Rule of Criminal Procedure 32.1(a)(6), which incorporates 18 U.S.C. § 3143(a)(1). Section 3143(a)(1) provides the Defendant shall be detained unless the Court finds "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any person or the community if released under 3142(b) or (c)." Additionally, Rule 32.1(a)(6) makes clear "the burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the [Defendant]."

After considering the evidence proffered by the Defendant, and the evidence proffered by the Government, the Court finds Defendant is subject to supervised release under a Judgment in a Criminal Case and Defendant has not established by clear and convincing evidence he is not a danger to the community or a risk of flight for the reasons stated on the record, including the following:

Defendant was sentenced on April 8, 2021 to 40 months imprisonment, followed by three (3) years of supervised release for possession of a firearm by a convicted felon. Defendant began his term of supervised release in November 2022, and four months later, in March, was arrested on several offenses, including fleeing or attempting to elude, grand theft of a motor vehicle, felony driving while license suspended, and resisting officer without violence. Defendant was convicted of those charges and is set to be released from state custody on June 30, 2024.

Defendant's criminal history includes several burglary or theft convictions, several for resisting arrest or alluding charges, a prior felony in possession conviction, and, a possession of cocaine charge.  It also includes revocation of pretrial release for violating the terms and conditions of his pretrial release for the federal charge forming the basis of this case.

Although Defendant seeks to be released on GPS or home detention with his girlfriend, the Court notes that Ms. Sosa has known Defendant since 2018 – when he was charged and subsequently convicted of possession of cocaine, during the time of the instant offense, and the more recent criminal conduct.  Thus, the Court does not find this release plan will reasonably assure the Court Defendant will not be a danger to the community or a risk of nonappearance.

Thus, given Defendant's criminal history and the prior violations of pretrial release, as well as the charges for which he is currently serving a State sentence, the Court finds the Defendant has not presented clear and convincing evidence he will not pose a danger to the community or be a risk of nonappearance.

The Defendant is therefore DETAINED pending a final adjudication on the petition to revoke supervised release.

Pursuant to 18 U.S.C. § 3142(h)(i), the Court directs the Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; directs the Defendant be afforded a reasonable opportunity for private consultation with counsel; and, on order of a court of the United States or on a request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined deliver the Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

The Defendant is remanded into the custody of the United States Marshal.

Entered on June 27, 2024

s/ *Hope Thai Cannon*
HOPE THAI CANNON
UNITED STATES MAGISTRATE JUDGE

1:23-cr-15/AW